UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DESOTO PARISH SALES & USE TAX COMMISSION | CIVIL ACTION NO. 09-mc-0036 |
| VERSUS | |
| OFFICE OF INSPECTOR GENERAL, SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the court is a Motion to Quash (Doc. 1) filed by Chris Robinette, Administrator of the DeSoto Parish Sales and Use Tax Commission (the "Commission"). The motion states that the Commission was served with a subpoena duces tecum issued by the Office of the Inspector General of the Social Security Administration ("OIG"). The Commission argues that it is precluded from producing the records pursuant to Louisiana law, specifically La. R.S. 47:1508 and 1508.1, which subjects a person who unlawfully produces confidential taxpayer information or other records or files of the Department of Revenue to punishment by imprisonment for up to two years and a fine of up to $10,000.

The Commission's Motion to Quash is hereby denied. The documents and information sought by the OIG are relevant to an on-going criminal investigation into the alleged improper receipt of Social Security benefits by an individual. State statutes such as La. R.S. 47:1508 and 1508.1 cannot provide a basis for refusing to comply with a federal administrative subpoena that, as in this case, falls squarely within the authority conferred

upon the OIG. See 5 U.S.C. App. 3, Section 6. It is noteworthy that La. R.S. 47:1508 allows the records to be divulged "in the administration and enforcement of the tax laws of this state or of a political subdivision of this state." Under the Supremacy Clause of the United States Constitution, the records cannot be shielded from an OIG subpoena that was issued in accordance with federal law in connection with a federal criminal investigation. See e.g., EEOC v. Illinois, 995 F.2d 106, 107 (7th Cir. 1993)("When state and federal statutes clash, the Supremacy Clause of the Constitution gives the federal statute controlling force."). The existence of this order should be adequate to dispel any fears by the Commission or its Administrator of any criminal prosecution under Louisiana state law for compliance with the subpoena.

Unless otherwise agreed by the parties, the Commission is ordered to produce the documents responsive to the subpoena on or before **October 9, 2009**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of September, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE